KETHLEDGE, Circuit Judge,
dissenting.
DISSENT
To qualify for long-term disability benefits under AT & T’s Plan, Raymond Shaw needed to show by “objective Medical Documentation” that he would not be able to “engag[e] in any occupation or employment ... for which [he is] qualified or may reasonably become qualified[.]” The Plan administrator found that Shaw was able to engage in sedentary work, and so denied his claim. Our review of that decision is deferential: we ask only whether the Plan’s decision was arbitrary or capricious. See Borda v. Hardy, Lewis, Pollard & Page, P.C., 138 F.3d 1062, 1066 (6th Cir.1998).
The Plan’s decision was neither of those things. Shaw failed to show, with “objective medical documentation,” that his condition was so severe as to prevent him from working in any occupation. True, Shaw’s family-practice doctor did once suggest — in a handwritten note supported by scant medical analysis — that Shaw would need to take 60-minute breaks every 30 minutes. But three specialists who reviewed Shaw’s medical file each opined that he could nevertheless perform sedentary work. The Plan’s reliance on those opinions was not arbitrary and capricious. I respectfully dissent.